UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RUSSELL READING and<br>JERRY EPPERSON,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARCHER-DANIELS-MIDLAND COMPANY<br>and JEROME J. WISNIEWSKI,<br><br>    Defendants. | Case No. 2:11CV0045 JCH |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' Motion to Dismiss (ECF No. 12), Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 19), and Plaintiffs' Motion for Remand (ECF No. 22). These motions have been fully briefed and are ready for disposition.

**BACKGROUND**

Plaintiffs filed their Petition in the Circuit Court of Ralls County, Missouri on or around April 28, 2011. (hereinafter "Complaint" or "Compl." ECF No. 3). Plaintiffs allege claims for Negligence against Jerome J. Wisniewski and Archer-Daniels-Midland Company ("ADM") (Count I), Negligence Per Se for Violation of §256.516, R.S. Mo. against ADM (Count II), Negligence Per Se for Violation of §411.518, R.S. Mo. against ADM (Count III), Negligence Per Se for Violation of §78.416, R.S. Mo. against ADM (Count IV), Breach of Contract against ADM (Count V).

Defendants removed this action to this Court on June 7, 2011, despite the lack of complete diversity on the face of the Complaint. (ECF No. 1).[1] In its Notice of Removal, Defendants assert

---

[1] For diversity purposes, the Plaintiffs and Defendant Wisniewski are citizens of the state of Missouri and Defendant ADM is incorporated in Delaware, with its principal place of business in Illinois. (Complaint, ¶¶1-4).

that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the only non-diverse defendant, Wisniewski, was fraudulently joined as a defendant to this action. (ECF No. 1, ¶¶ 5, 9-41).

## DISCUSSION

I.    **Standard**

    A.    **Standard for Removal/Fraudulent Joinder/Motions for Remand**

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075, 139 L. Ed. 2d 753, 118 S. Ct. 852 (1998)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

A civil action brought in state court may be removed to the proper district court if the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2] Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendants asserts that diversity exists because Wisniewski, the only non-diverse party, was fraudulently joined. (Doc. No. 1, ¶¶ 14-32).

---

[2]There is no dispute in the instant case that the amount in controversy exceeds $75,000.

"When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." <u>Moss v. Defender Servs.</u>, No. 1:08-CV-88, 2009 U.S. Dist. LEXIS 2337, at *3 (E.D. Mo. Jan. 14, 2009)(citing <u>Anderson v. Home Ins. Co.</u>, 724 F.2d 82, 84 (8th Cir. 1983)). Joinder is fraudulent and removal is proper "when a plaintiff files a frivolous or illegitimate claim against a resident defendant solely to prevent removal." <u>Junk v. Terminix Int'l Co.</u>, 628 F.3d 439, 445 (8th Cir. 2010) (citation omitted). However, "joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." <u>Wilkinson v. Shackelford</u>, 478 F.3d 957, 964 (8th Cir. 2007) (citation and internal quotations omitted) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings" but on the ability of the plaintiff to state a colorable claim). The party invoking federal jurisdiction and seeking removal has the burden of "establishing jurisdiction by a preponderance of the evidence, and all doubts about jurisdiction are to be resolved in favor of remand." <u>Nicely v. Wyeth, Inc.</u>, No. 4:11CV338, 2011 U.S. Dist. LEXIS 64380, at *7 (E.D.Mo. June 17, 2011) (citing <u>In re Prempro Prods. Liab. Litig.</u>, 591 F.3d 613, 620 (8th Cir. 2010)). The Eighth Circuit has described the fraudulent joinder standard as follows:[3]

> A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is <u>clear</u> under governing state law that the complaint does not

---

[3] The <u>Filla</u> definition of fraudulent joinder does not include consideration of the plaintiff's intention to follow through with claims against the resident defendant. Recent Eighth Circuit opinions have embraced the <u>Filla</u> definition, analyzing fraudulent joinder only with respect to the reasonable basis for the claim against the resident defendant under state law. See, e.g., <u>Knudson v. Systems Painters, Inc.</u>, 634 F.3d 968, 980 (8th Cir. 2011) ("[J]oinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" (quoting <u>Filla</u>, 336 F.3d at 811)); <u>Junk</u>, 628 F.3d at 446 (The question of fraudulent joinder "turns on whether [Plaintiff] might have had a 'colorable' claim against [Defendant], . . . ." (citing <u>Wilkinson</u>, 478 F.3d at 964)); <u>Wilkinson</u>, 478 F.3d, at 964 ("A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" )(quoting <u>Menz v. New Holland N. Am., Inc.</u>, 440 F.3d 1002, 1004 (8th Cir. 2006)). Accordingly, this Court will not apply the "no real intention of prosecuting the action" element for finding fraudulent joinder from <u>Reeb v. Wal-Mart Stores, Inc.</u>, 902 F.Supp. 185, 187 (E.D.Mo. 1995) in favor of the approach applied consistently in the more recent Eighth Circuit decisions.

state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." ... However, if there is a "colorable" cause of action—that is, if the state law <u>might</u> impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

<u>Filla v. Norfolk Southern Railway Co.</u>, 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted; emphasis in original). This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." <u>Knudson v. Systems Painters, Inc.</u>, 634 F.3d 968, 980 (8th Cir. 2011); <u>Junk</u>, 628 F.3d at 445(noting that the Fed.R.Civ.P. 12(b)(6) standard is "more demanding" than the <u>Filla</u> standard applied in the fraudulent joinder context). In making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" and should not "step from the threshold jurisdictional issue into a decision on the merits. <u>Manning</u>, 304 F.Supp.2d at 1148 (internal quotations and citations omitted).

### B.     Standard for Motions to Dismiss

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. <u>Eckert v. Titan Tire Corp.</u>, 514 F.3d 801, 806 (8th Cir. 2008) (citing <u>Luney v. SGS Auto Servs.</u>, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." <u>Coons v. Mineta</u>, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## II. Substantive Claims

Before this Court are Defendants' Motion to Dismiss, Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint, and Plaintiffs' Motion for Remand. In response to Defendants' Motion to Dismiss and in support of Plaintiffs' Motion for Remand, Plaintiffs argue that the Court should allow Plaintiffs to file an amended Complaint to elucidate their claims. (Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Response"), ECF No. 24, p. 3; ECF No. 23, p. 3). On a motion for remand, however, the Court considers the complaint that is operative at the time of removal. That is, "removal jurisdiction is determined based on the circumstances at the time the notice of removal was filed." Trinity Hospice, Inc. v. Miles, No. 4:06CV1674, 2006 U.S. Dist. LEXIS 93399, at *5 (E.D. Mo. Dec. 27, 2006)(citing Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005)); "Abbott v. Trog, No. 2:09CV00015, 2010 U.S. Dist. LEXIS 2951, at *8 (E.D. Mo. Jan. 14, 2010)(citing Gossmeyer v. McDonald, 128 F.3d 481, 487-88 (7th Cir. 1997))("[o]nce an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal."). Thus, the issue becomes whether state law might reasonably impose liability on the non-diverse defendant, Wisniewski, based on the facts alleged in the original complaint. See Filla, 336 F.3d at 810; Manning, 304 F.Supp.2d at 1149. Accordingly, the Court first addresses the issues raised in Plaintiffs' Motion to Dismiss.

### A. Motion to Dismiss

Here, Cathy Gieseker held a Class IV grain dealer's license in Missouri from approximately 1993 until February 2009, when her state grain dealer's license was revoked. (Compl., ¶6). Plaintiffs allege that defendant Wisniewski, an employee of ADM, arranged for Gieseker to market grain with delayed or deferred pricing and hedge contracts (collectively referred to as "future pricing arrangements") to her customers. (Id., ¶¶4, 8-9). Gieseker, as a Class IV grain dealer, could not procure any pricing other than spot price contracts. (Id., ¶¶6, 10). Gieseker marketed future pricing arrangements to her customers, including Plaintiffs. (Id., ¶9). Plaintiffs claim that "[u]ntil February, 2009, when Gieseker's grain dealer's license was suspended by the State of Missouri, defendants ADM and Wisniewski made representations to the public that Gieseker was an authorized agent to enter into future price arrangements on behalf of ADM, in that defendant Wisniewski encouraged farmers to do business with Gieseker." (Id., ¶ 16). Plaintiffs further allege they were paid in accordance with Gieseker's representations from 2002 until 2008. (Id., ¶¶ 18-19). In the fall of 2008 and early 2009, however, Plaintiffs delivered grain to ADM, but did not receive any payment. (Id.).

#### 1. Negligence

Under Missouri law, a claim of negligence is shown by proof of the following elements: "(1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages." Ivey v. Nicholson-Mcbride, 336 S.W.3d 155, 157 (Mo. Ct. App. 2011) (citations omitted). Plaintiffs' claim for negligence fails for several reasons.

First, Plaintiffs do not allege that Wisniewski owed a specific duty to Plaintiffs. Plaintiffs merely allege that Wisniewski "encouraged farmers to do business with Gieseker." (Compl., ¶16). But, Plaintiffs do not identify how Wisniewski's encouragement somehow breached a duty. Instead,

Plaintiffs ask this Court to "determine whether Wisniewski had a duty ... after a careful review of the facts and circumstances, not on whether Plaintiffs so concluded in a paragraph within their pleading." (Response, p. 5).[4] Plaintiffs argue that this Court can impose a duty on Wisniewski as a matter of law (Response, p. 5), and cite "several policy factors" that may be considered in deciding whether to impose a duty. (Id. (citing Strickland v. Taco Bell Corp., 849 S.W.2d 127, 132 (Mo. Ct. App. 1993)). Plaintiffs argue that "public policy supports that moral blame should attach to Wisniewski for instigating and furthering such a scheme for his financial benefit." (Response, p. 6). On the contrary, Plaintiffs' Complaint does not state that Wisniewski instigated any scheme or that he financially benefitted from said scheme. More importantly, Plaintiffs cannot identify why Wisniewski, as an agent for ADM, owed a duty to Plaintiffs. The Court refuses to participate in this exercise in conjecture regarding what Plaintiffs believe they were not required to plead.[5] Plaintiffs' negligence claim fails because they have not alleged a duty owed by Wisniewski to them.

In addition, the basis of Plaintiffs' claims against Wisniewski relate to actions performed within the course and scope of his employment as an agent for ADM. Generally, an agent cannot be held liable for the tortious acts performed with in the course and scope of his employment. Howard v. Youngman, 81 S.W.3d 101, 116 (Mo. Ct. App. 2002); Fields v. R.S.C.D.B., Inc., 865 S.W.2d 877, 879 (Mo. Ct. App. 1993). An exemption to this rule exists when the agent had actual or constructive knowledge of, and participated in, an actionable wrong. See State ex rel. Doe Run Resources Corp. v. Neill, 128 S.W. 3d 502, 505 (Mo. 2004)(a corporate officer may be held individually liable for

---

[4]In their Response, Plaintiffs suggest that "[a]t the very least, [Wisniewski] failed to stop or warn Plaintiffs" of the future sales arrangements scheme which injured Plaintiffs (Response, p. 6). Plaintiffs, however, never clearly identify why or how Wisniewski owed such a duty to Plaintiffs or that he knew of such a scheme.

[5]Rather, Plaintiffs allege a breach of contract. They claim that the parties fulfilled their obligations under the contract and they were paid according to their agreement with Giesker until 2009.

tortious corporate conduct if he or she had actual or constructive knowledge of, and participated in, an actionable wrong); 8000 Md., LLC v. Huntleigh Fin. Servs., Inc., 292 S.W.3d 439, 451 (Mo. Ct. App. 2009). Although Plaintiffs attempt to re-frame their pleadings in their brief, Plaintiffs do not allege in their Complaint that Wisniewski had actual or constructive knowledge of ADM's alleged wrongful conduct. Id. Plaintiffs only allege that Wisniewski "encouraged" them to do business with Gieseker. (Compl., ¶16). This Court cannot construe that allegation to mean that Wisniewski had knowledge of or participated in ADM's alleged bad acts. Thus, the Court grants Defendants' Motion to Dismiss the negligence claim because Plaintiffs have not alleged that Wisniewski acted negligently or he had actual or constructive knowledge of ADM's alleged actionable wrong.

        2.        Negligent Misrepresentation

On the other hand, Plaintiffs' negligent misrepresentation claim states a claim.[6] "The elements of negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss." Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 134 (Mo. 2010)(citing Dancin Development, L.L.C. v. NRT Missouri, Inc., 291 S.W.3d 739, 744 (Mo. Ct. App. 2009)). "A party must prove every element of a claim for negligent misrepresentation for the claim to succeed." Id.

---

[6]Although Plaintiffs only allege a claim for "negligence" in their Complaint, both parties brief the issues as if Plaintiffs alleged separate claims for "negligence" and "negligent misrepresentation." Strangely, Plaintiffs never clarify whether they are pleading a claim for negligence or negligent misrepresentation. Because both parties treat these allegations as separate claims, the Court will address them accordingly.

As the basis for their negligent misrepresentation claim, Plaintiffs allege that defendant Wisniewski and ADM made representations to public, including Plaintiffs, that Gieseker "was an authorized agent to enter into future price arrangements on behalf of ADM." (Compl., ¶16). But, Class IV grain dealers, such as Gieseker, "are not allowed to procure anything other than spot price contracts" (id., ¶10).

Defendants argue that Plaintiffs fail to state a claim because Plaintiffs could not have relied upon Wisniewski's alleged misrepresentation of law, i.e., that Gieseker could utilize future pricing arrangements when, in fact, she could not as a Class IV grain dealer. (Defendants' Reply in Support of Their Motion to Dismiss ("Reply"), ECF No. 30, p. 9 (citing Compl., ¶¶8, 10)). Defendants argue that parties to a contract are "'presumed to know the law and is bound to take notice of the law and, therefore, in legal contemplation, cannot be deceived by representations concerning the law or permitted to say he has been misled.'" (Reply, p. 9 (quoting Bowles v. All Counties Inv. Corp., 46 S.W.3d 636, 639 (Mo. Ct. App. 2001)).

In the instant matter, the Court finds that the representation allegedly made by Wisniewski to Plaintiffs that Gieseker "was an authorized agent to enter into future price arrangements on behalf of ADM" was not strictly a representation of law. Although this representation may have legal implications because she was a Class IV grain dealer, the statement was solely factual. A jury will have to determine whether Wisniewski made the alleged representation and the implications of that representation. Rather, the purported legal issue raised by Defendants goes to whether Plaintiffs justifiably relied on the representation, which is also a jury question. Thus, the Court finds that Plaintiffs state a claim for negligent misrepresentation against Wisniewski and denies Plaintiffs' Motion to dismiss that claim.

### 3. Missouri Grain Warehouse Law

Section 411.518 of the Missouri Grain Warehouse Law ("MGWL") requires that the price paid for the grain be displayed on scale tickets.[7] Plaintiffs allege that ADM violated this requirement by not including the price being paid for the grain delivered by Plaintiffs on scale tickets. (ECF No. 24, p. 11). In turn, ADM asserts that it is regulated by the United States Warehouse Act ("USWA"), 7 U.S.C. §241, *et seq.*, which preempts Plaintiffs' claim under MGWL. (ECF No. 24, p. 11; ECF No. 30, p. 13). Plaintiffs, however, assert that the MGWL is not preempted by the USWA because the two statutes can coexist. That is, Plaintiffs claim that USWA does not state that additional information, such as price, cannot be included in the receipt. (ECF No. 24, p. 12).

Here, Congress expressed its desire that federal regulation supercede state law in this area. Congress mandated that "the power, jurisdiction, and authority conferred upon the Secretary of Agriculture under this act shall be exclusive with respect to all persons securing a license hereunder...." Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 224 (1947). The amendments to the [USWA] make clear that "matters regulated by the [USWA] cannot be regulated by the States[.]" Id. at 234. Congress intended to regulate exclusively those warehouses covered by the USWA.

Similarly, the MGWL is intended to apply to "all warehouses located within the state of Missouri." §411.015, R.S. Mo. However, Missouri regulations note that "[w]arehouse workers and warehouses licensed under the [USWA] are exempted from those provisions of the law which are specifically addressed and covered in the [USWA]." Mo. Code Regs. Ann tit. 2, §60-4.015 (2011). Thus, both federal and state law recognize the complete preemption of state law for those warehouses regulated by the USWA. Accordingly, Count III of Plaintiffs' Complaint is dismissed.

---

[7]The MGWL provides that "[a]ll scale tickets, or other approved documents, issued shall contain the following information: ... If received for purchase by the warehouseman, the price shall be stated on all copies. §411.518.3(7), R.S. Mo.

### B. Motion for Remand

Therefore, because this Court did not dismiss the negligence representation claim in the Complaint against him, the Court finds that there is an "arguably ... reasonable basis for predicting that Missouri law might impose liability" on the resident defendant Wisniewski. See Kundson, 634 F.3d at 980 (quoting Filla, 336 F.3d at 811). Accordingly, the Court finds that the resident defendant Wisniewski is not fraudulently joined and this Court lacks federal jurisdiction. The Court grants Plaintiffs' motion to remand this action to state court.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 19) is **DENIED**, as moot.

Dated this __16th__ day of August, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE